UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06-CV-9-H

ROBERT L. DEVER                                                      PLAINTIFF

V.

THE SHERWIN-WILLIAMS COMPANY                                DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff Robert Dever brought this action against Defendant The Sherwin-Williams Company ("Sherwin-Williams"), alleging Sherwin-Williams' liability on negligence and strict liability theories for defective products to which Dever was exposed, as well as Sherwin-Williams' liability for breaches of the implied warranty of merchantability and for punitive damages. Currently before the Court is Sherwin-Williams' motion for summary judgment. Dever has not opposed the motion. For this reason, as well as those that follow, the Court will sustain the motion.

I.

Dever worked as a civilian at Fort Knox from 1985 until 2000. With the exception of approximately six months in 1993, when he worked as a "painter's helper," he worked as a mechanic. In his complaint, Dever alleged that between 1993 and 2000 he was exposed at work to Chemical Agent Resistant Coatings ("CARC" or "CARC paint"), and that this exposure caused him to develop the benign brain tumor (a Grade I Meningiotheliomatus Meningioma) with which he was diagnosed in April 2000. The tumor was partially removed not long after diagnosis and Dever subsequently received radiation treatment. Defendant Sherwin-Williams is

a manufacturer of CARC who has, pursuant to GSA contracts, provided CARC to the Army. However, it is unclear whether Sherwin-Williams' product was ever at Fort Knox.

Dever originally filed his five-count action against Sherwin-Williams in May 2003. The case was originally filed in the Western District of Arkansas, naming six other companies as Defendants besides Sherwin-Williams. Due to a lack of personal jurisdiction over four of these others, and the fact that the other two had never manufactured CARC, the Arkansas court dismissed all Defendants but Sherwin-Williams, and granted Dever's motion to transfer the case to the Western District of Kentucky on January 3, 2006.

## II.

On February 12, 2008, the Court held a conference at which it heard arguments on Sherwin-Williams' motion to exclude the testimony of Kristie Paris and Norman Roobol, as well as on Sherwin-Williams' motion for summary judgment. Sherwin-Williams argued that with or without the contested experts Dever had insufficient evidence of causation, and that Sherwin-Williams was also entitled to the government contractor defense, which would shield it from liability from Dever's claim. At conference, it became clear that Dever's case depended entirely on the testimony of Dr. Paris to establish causation, a necessary element of Dever's claims. However, it was equally clear that the parties were in disagreement as to exactly what information Dr. Paris would testify to at trial. In fact, Plaintiff has not filed a statement signed by Dr. Paris expressly setting forth her opinions. Therefore, the Court ordered Plaintiff to file an affidavit from Dr. Paris by March 10, 2008, stating the nature of her testimony at trial, a deadline that was subsequently extended to March 31, 2008 at the parties' request. Sherwin-Williams'

motions were remanded from the Court's docket pending the filing of and response to this affidavit.

Dever never filed an affidavit from Dr. Paris, and on April 8, 2008, Sherwin-Williams filed the motion that is currently before the Court, arguing that in light of Dever's failure to file Dr. Paris's affidavit Dever would be unable to prove causation and that therefore Sherwin-Williams is entitled to summary judgment on Dever's claims. Dever did not respond to Sherwin-Williams' motion. In response to an inquiry by the Court, however, Dever did file a response stating that Dr. Paris "could neither locate [her] original research nor recreate it," and that "[a]ccordingly, [Dever] does not have a basis at this point for opposing the Motion for Summary Judgment and by this pleading advises the court that he does not oppose the motion."

### III.

Under Kentucky law, a "common denominator" for product liability and implied warranty of merchantability claims "is that causation must be established." *Huffman v. SS. Mary & Elizabeth Hosp.*, 475 S.W.2d 631, 633 (Ky. 1972) (citing *Holbrook v. Rose*, 458 S.W.2d 155, 157 (Ky. 1970)); *see also Morales v. Am. Honda Motor Co.*, 151 F.3d 500, 507 (6th Cir. 1998).[1] This is so in part because "a jury verdict must be based on something other than speculation, supposition or surmise." *Huffman*, 475 S.W.2d at 633.

---

[1] Though the Court cites to Kentucky law for this principle due to its belief that Kentucky law would apply to this diversity action, it notes that the requirement of proving causation in this sort of action is not state-specific. *See, e.g.*, W. Page Keeton *et al.*, Prosser & Keeton on Torts § 41 (5th ed. 1984) ("An essential element of the plaintiff's cause of action for negligence, or for that matter for any other tort, is that there be some reasonable connection between the act or omission of the defendant and the damage which the plaintiff has suffered"); 63 Am. Jur. 2d *Prod. Liab.* § 707 (listing standard elements of an implied warranty of merchantability claim, including "that injury and damages to the plaintiff or his property were caused proximately in fact by the defective nature of the goods").

3

Dever's "testimony that he was exposed to CARC and developed a meningioma" Plaintiff's October 19, 2007 Response at 20, even if combined with Sherwin-Williams' CARC material safety data sheets, which allegedly indicate "long-term health risks of CARC," *id.*, would without more be insufficient to sustain anything more than an improper speculation-based verdict. For while circumstantial evidence can in some cases establish causation, it "must be sufficient to tilt the balance from possibility to probability." *Morales*, 151 F.3d at 537 (internal citations and quotation marks omitted). This evidence, by itself, falls far short.

However, in his February 23, 2007 expert witness disclosures, Dever indicated that "Dr. [Kristie] Paris is expected to testify that the cause of Mr. Dever's Meningiotheliomatus Meningioma was his exposure to CARC Paint products and the ingredients therein." Plaintiff's Expert Witness List at 2. At this point, Dr. Paris would have provided the only meaningful causal link between Sherwin-Williams' products and Dever's injury. Without Dr. Paris's testimony as to causation, Dever's product liability and implied warranty of merchantability claims may not go forward, since they would do so "merely on allegations or denials in [his] own pleading." Fed.R.Civ.P. 56(e)(2). Quite simply, and as Dever properly acknowledges, no material issue of fact has been raised as to Sherwin-Williams' liability for Dever's injury, and therefore summary judgment on Dever's claims is appropriate pursuant to Federal Rule of Civil Procedure 56. Perhaps it would have been better had this been disclosed prior to the passing of two years of litigation.

Being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that Defendant Sherwin-Williams' Motion for Summary Judgment is **SUSTAINED**, and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**. All other motions are dismissed as moot.

This is a final and appealable order.

cc: Counsel of Record